

**FILED & ENTERED**

MAR 07 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>PROTOTYPE ENGINEERING &<br>MANUFACTURING, INC.,<br><br>                    Debtor. | Case No. 2:17-bk-21018-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION RE: DENIAL OF CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY AND AUTHORIZE PAYMENT TO AUCTIONEER**<br><br>Date:     February 27, 2018<br>Time:     2:00 p.m.<br>Courtroom:  1675 |

      This bankruptcy case came on for hearing before the undersigned United States Bankruptcy Judge on February 27, 2018 on the motion of Wesley T. Avery, Chapter 7 Trustee, to approve compromise of controversy and authorize payment to auctioneer. Pursuant to Federal Rule of Bankruptcy Procedure 9019, the Chapter 7 Trustee by his motion seeks to compromise a controversy with Creditor Bordbar Trust, the landlord of Debtor Prototype Engineering and Manufacturing, Inc., regarding the administration of Debtor's personal property  Timothy J. Yoo, of the law firm of Levene, Neale, Bender,

Yoo & Brill, L.L.P., appeared for the Chapter 7 Trustee.  Theodore B. Stolman, of the

law firm of Freeman Freeman & Smiley, LLP, appeared for Debtor.   Creditor Jon

Ternstrom appeared for himself.  Creditor Colleen Carpenter, Administrator of the

Estate of Clayton O. Carpenter, appeared for herself.  Creditor Cameron Witzler

appeared formself.

Having considered the moving and opposing papers and the oral and written

arguments of the parties, for the reasons stated on the record at the hearing and in this

order, the court denies the motion of the Chapter 7 Trustee to approve the compromise

of controversy and to authorize payment to auctioneer.

In denying the motion, the court determines that the Chapter 7 Trustee has not

met his burden of proving that the compromise is fair, equitable and adequate.   *See*

Federal Rule of Bankruptcy Procedure 9019; *In re A & C Properties,* 784 F.2d 1377,

1381 (9th Cir. 1986).  The court has considered the criteria for determining the fairness,

reasonableness and adequacy of the proposed settlement set forth in *In re A & C*

*Properties*: (a) the probability of success in the litigation; (b) the difficulties, if any, to be

encountered in the matter of collection; (c ) the complexity of the litigation involved, and

the expense, inconvenience and delay necessarily attending it; (d) the paramount

interest of the creditors and a proper deference to their reasonable views in the

premises. *Id.*; *see also, In re Slates,* BAP No. EC-12-1168-KiDJu, 2012 WL 5359489

(9th Cir. BAP 2012), slip op. at *11-12.

In the proposed settlement, the Chapter 7 Trustee proposed to sell the Debtor's

personal property consisting of milling and machining equipment, furniture, fixtures and

other equipment that the auctioneer had estimated had an auction value of up to

$55,000 as stated in the moving papers for a payment of $7,500 by the landlord and a

release of the landlord's claim for administrative expense rent estimated to be $45,000

(of the $7,500 paid under the settlement, $4,985 would be paid to the auctioneer for his

services, and only $2,515 would go to the estate for the value of its assets). The trustee

reasoned that since the landlord was the only known creditor of Debtor's bankruptcy

estate at the time the motion was filed and that the landlord's principal, Barry Bordbar,

was Debtor's principal, it did not make economic sense to sell the property desired by

Debtor's and landlord's principal and then give the sale proceeds to the same parties,

i.e., Debtor's principal through ownership of the landlord.  In the trustee's opinion stated

in the moving papers, this justified the private sale of the Debtor's assets rather than a

public auction despite the fact acknowledged by the trustee in the moving papers that

Mr. Bordbar taped off or otherwise marked off many of Debtor's personal property

assets to be auctioned as items that should not be sold, with the trustee stating that in

other cases, he would have sought court relief to proceed with the public auction of the

property.  However, the circumstances relied upon by the trustee changed after he filed

his motion to approve compromise of controversy because creditors filed new and

timely proofs of claim and filed written oppositions to the motion and objections to the

proposed private sale of the estate's assets to Debtor's insider and cancellation of the

public auction.

In analyzing the criteria for evaluating a settlement under *In re A & C Properties,*

the court acknowledges that there is some justification for the convenience of the

compromise in offsetting what might be realized at an auction as estimated by the

auctioneer against an administrative expense rent claim, which goes to the first two

factors of litigation risk and collection issues.  However, these two factors are offset by

other considerations.  The bulk of the creditor body opposes the compromise, and their

1    objections are reasonable in that the private sale to Debtor's insider may not reflect the

2    value of the assets, which the court notes is without overbidding.  Three creditors,

3    Creditors Carpenter, Ternstrom and Witzler, with filed claims with a total value of $35

4    million oppose the compromise by written and oral objections, and one creditor,

5    Debtor's landlord, with a claim of $ 2 million supports it as a party to the proposed

6

7    compromise.

8        The court agrees with the objecting creditors that the compromise based on a

9    private sale to Debtor's insider is not a fair, reasonable or adequate settlement because

10   there are insufficient protections to assure that the fair value of the assets of the

11   bankruptcy estate are being realized here because there is no public sale and no

12

13   overbidding, which indicate to the court that the assets have not been sufficiently

14   marketed to assure that full value of the assets are being realized.   The purpose of a

15   public auction, or at least, a private sale with public notice and overbidding is to assure

16   sufficient exposure to the marketplace to realize value for the estate.   *In re Wilde Horse*

17   *Enterprises, Inc.,* 136 B.R. 830, 841-842 (Bankr. C.D. Cal. 1991)("In approving any sale

18   outside the ordinary course of business, the court must not only articulate a sufficient

19   business reason for the sale, it must further find it is in the best interest of the estate,

20   i.e., it is fair and reasonable, that it has been given adequate marketing, that it has been

21

22   negotiated and proposed in good faith, that the purchaser is proceeding in good faith,

23   and that it is an 'arms-length' transaction."), *citing inter alia, In re Planned Systems, Inc.,*

24   82 B.R. 919, 923 (Bankr. S.D. Ohio 1988); *see also,* 11 U.S.C. 363(b); Fed. R. Bankr.

25   P. 6004(f)(1); *see also, In re Slates,* BAP No. EC-12-1168-KiDJu, 2012 WL 5359489,

26

27   slip op. at *11-12.

28        .The court determines that additionally, as acknowledged by the trustee in his

moving papers, the circumstances indicate that the proposed purchaser, the landlord, interfered or obstructed the trustee's efforts to market and sell the property by cordoning off Debtor's assets, which the landlord did not have the right to.  The fact that the property was situated on the landlord's premises and the landlord was exercising dominion over Debtor's assets probably hindered the trustee's efforts to market and sell the property in a public auction process, which circumstances indicate to the court the lack of sufficient exposure of the assets to the marketplace and that the proposed private sale without overbidding unfairly favors Debtor's insider.  In order to protect the integrity of the sale of the assets of this bankruptcy estate, the court cannot find that the trustee has met his burden of showing that this is a fair, equitable and adequate compromise, and the court believes that a public auction sale should be conducted to realize full value of the assets and to assure fairness and transparency of the sales process.  Nothing prevents the landlord from bidding for the assets in a public auction sale, and if the landlord has a claim for rent, it can be considered and determined in an open and transparent judicial process with evidence of the validity and amount of the claim rather than being satisfied through a suspect bargain sale.  The court should accord due deference to the creditors' objections to the proposed compromise, but acknowledges that such objections are not controlling.  *In re A & C Properties,* 784 F.2d at 1382.  However, in this instance, the court determines that the creditors' objections are reasonable and well-founded, and thus, the court determines that in consideration of all of the factors in *In re A & C Properties,* the compromise should not be approved.  It is not so clear that the estate would not realize less value in a public auction than in the proposed compromise.  Collection would not be difficult because the public auction of the estate's assets would be conducted, and whatever amount is collected will be

1  collected.  The employment of the auctioneer has been authorized, and had been

2  prepared to conduct the auction before this motion was brought.  The litigation of the

3  landlord's rent claim would not be complex since it can be computed under the lease

4
   agreement with possible offsets as argued by the objecting creditors that the landlord
5
6  has a co-tenant on Debtor's premises or if the landlord obstructed the sale as

7  suggested in the trustee's moving papers.   As stated earlier, the court has duly

8  considered the paramount interest of creditors and accorded deference to their

9  reasonable views that the value of the estate assets should be realized in a public

10 auction process.

11
       For the foregoing reasons, by separate order being filed and concurrently
12
13 herewith, the court denies the trustee's motion to approve compromise of controversy.

14 However, this denial does not affect the right of the auctioneer to request compensation

15 for performing his duties as auctioneer, but only to the extent that such compensation is

16 dependent on the approval of the motion.

17
       IT IS SO ORDERED.
18
19                                  ###

20

21

22

23

24

25    Date: March 7, 2018        _____
                                 Robert Kwan
26                               United States Bankruptcy Judge

27

28

-6-