TODD E. PHILLIPS (SBN 238183)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
Telecopier: (202) 862-1244
E-mail: tphillips@capdale.com

Counsel for the Crash Victim Claimants

FILED & ENTERED

JUN 24 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION** **CHANGES MADE BY COURT**
**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>PROTOTYPE ENGINEERING &<br>MANUFACTURING, INC.,<br><br>Debtor. | Case No. 2:17-bk-21018-RK<br><br>Chapter 7<br><br>**ORDER RE: MOTION TO APPROVE STIPULATION TO MODIFY AUTOMATIC STAY TO PERMIT CRASH VICTIM CLAIMANTS TO LIQUIDATE CLAIMS AGAINST THE ESTATE**<br><br>Date:  June 23, 2020<br>Time:  11:00 A.M.<br>Place:  Courtroom 1675<br>    United States Bankruptcy Court<br>    255 E. Temple Street<br>    Los Angeles, CA  90012 |

Upon consideration of the Motion to Approve Stipulation to Modify Automatic Stay to Permit Crash Victim Claimants to Liquidate Claims Against the Estate (the "**Motion**")[1] (ECF No. 107); the Stipulation (ECF No. 106); the Declaration of the Trustee; the filed objection to the Motion; and good cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Motion is **GRANTED** and the Stipulation is **APPROVED** for the reasons set forth in the tentative ruling, which is attached below.

2. The automatic stay of 11 U.S.C. § 362(a) is modified, subject to the terms of the

---

[1] Unless stated otherwise, all capitalized terms used herein shall have the definition assigned in the Motion.

DOC# 3254404

1 | Stipulation, to allow the Crash Victim Claimants to prosecute the Crash Litigation to settlement or
2 | judgment in the District Court.
3 | ~~3.    This Court shall retain jurisdiction to resolve any and all disputes relating to this~~
4 | ~~Order or to the Stipulation.~~
5 | **IT IS SO ORDERED.**    ###

Date: June 24, 2020

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT – TENTATIVE RULING AS OF JUNE 19, 2020

Grant motion to approve stipulation to modify automatic stay to allow claimants to liquidate claims against the bankruptcy estate in pending district court lawsuit.

Although the parties have cited to and discussed the factors for granting stay relief for cause under 11 U.S.C. 362(d)(1) in In re Curtis, 40 B.R. 795, 805 (Bankr. D. Utah 1984), which factors have been cited with approval in an unpublished decision of the Ninth Circuit Bankruptcy Appellate Panel in In re Advanced Medical Spa Inc., BAP No. EC-16-1087-KuMaJu, 2016 WL 6958130 (9th Cir. BAP 2016), the court finds more instructive the factors and holding in the Ninth Circuit's opinion in In re Tucson Estates, Inc., 912 F.2d 1162, 1166-1167 (9th Cir. 1990).  The court believes that Tucson Estates is more on point because in essence this is a situation where the court is being asked to abstain and grant stay relief for another tribunal to adjudicate and liquidate a claim against the estate.  In this case, claimants seek to proceed with their lawsuit against the debtor and other parties based on state law claims.  This lawsuit is pending in the district court, but stayed by the automatic stay arising in this bankruptcy case.

Cause is shown under 11 U.S.C. 362(d)(1) because claimants have a colorable argument to assert a claim in a nonbankruptcy forum, though the court does not rule on the merits on any such claim as that determination is left for the other forum.  See In re Griffin, 719 F.3d 1126, 1128 (9th Cir. 2013).  As the court has said at prior hearings in this case, the court lacks jurisdiction to try and liquidate the personal injury and wrongful death claims asserted by claimants because 28 U.S.C. 157(b)(5) provides that the district court must try such claims.  Cause for stay relief is shown to effectuate this jurisdictional command.

In Tucson Estates, the Ninth Circuit has set forth factors to consider whether this court should abstain and lift stay for litigation in a nonbankruptcy forum, which the court now analyzes.  The factors include: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention (this factor favors abstention/stay relief because the claims have to be tried and liquidated by the district court as this court lacks the authority to do so), (2) the extent to which state law issues predominate over bankruptcy issues (this factor favors abstention/stay relief because the claims solely involve state law issues), (3) the difficulty or unsettled nature of the applicable law (this factor is neutral because it does not appear that applicable law governing the claims are difficult or unsettled) (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court (this factor favors abstention/stay relief because a related proceeding commenced in a nonbankruptcy court exists, i.e., the district court), (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334 (this factor favors abstention/stay relief because the court's jurisdiction regarding the lawsuit would only be "related to" jurisdiction under 28 U.S.C. 1334),  (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case (this factor favors abstention/stay relief because the determination of the claims is remote to the main bankruptcy case), (7) the substance rather than form of an asserted "core" proceeding (this factor favors abstention/stay relief because the claims are all noncore proceedings), (8) the feasibility of severing state law claims from core

3

bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court (this factor favors abstention/stay relief because severance is not possible because the court lacks jurisdiction to try and liquidate the claims), (9) the burden of [the bankruptcy court's] docket (this factor favors abstention/stay relief because the litigation of the claims will involve significant litigation resources requiring expert scientific testimony due to complex factual nature of the claims), (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties (this factor favors abstention/stay relief because it appears that the nonbankruptcy litigation was proceeding to trial before the debtor's insiders put it into bankruptcy), (11) the existence of a right to a jury trial (this factor favors abstention/stay relief because the parties have a right to jury trial on the claims), and (12) the presence in the proceeding of nondebtor parties (this factor favors abstention/stay relief because there are other defendants in the district court lawsuit). In re Tucson Estates, Inc., 912 F.2d at 1166-1167.

It is perhaps encouraging that the objecting party, Barry Bordbar, states that defendants in the related adversary proceeding have a "renewed willingness" to settle the claims. The court would consider a referral of the adversary proceeding to the court's voluntary mediation program, though not in lieu of a ruling granting the motion to approve the stipulation for stay relief.

Appearances are required on 6/23/20, but counsel and self-represented parties must appear by telephone. Due to the public health emergency from the coronavirus disease (COVID-19) outbreak declared in the State of California and the United States of America and to minimize the spread of the disease from in person social contact, the court is only conducting hearings with telephonic appearances for this matter as the courthouse is currently closed to the public by orders of the United States District Court for the Central District of California and this court and that this court will not be holding in person hearings by the date of this hearing. Counsel and self-represented parties must arrange their telephonic appearances through CourtCall, which is offering a discount on fees for attorneys and waiving all fees for self-represented parties. Information about arranging a telephonic appearance through CourtCall is posted on the court's website.